GERTRUDE BARNES *et al.* Appellants, *vs.* D. W. JOHNSTON,
    Exr., *et al.* Appellees.—HENRIETTA BANKS *et al.* Appel-
    lants, *vs.* CLARA MAE ADAMS *et al.* Appellees.

*Opinion filed April 23, 1908.*

1. WILLS—*intention to vest estate at time of distribution will
be carried out.* While the law favors the vesting of estates at the
testator's death rather than at the time of distribution, yet if it ap-
pears from the whole will that it was the testator's intention that
the remainder should not vest until the time of distribution such
intention will be carried out by the courts.

2. SAME—*when residue of estate does not vest until time of dis-
tribution.* Where the testator has already made provision for his
children, a subsequent paragraph of the will that the residue of the
estate shall be converted into money, and, after the payment of cer-
tain legacies, the making of certain investments and payment of
the costs of administration any residue remaining shall be divided
among the testator's children, but if any of them shall then be dead
his share shall go to his surviving children, or if he has none, to
his brothers and sisters, does not vest in the testator's children any
interest in the residue until the time for distribution.

3. SAME—*when property passes under residuary clause.* Where
a provision of a will giving the widow a life estate in certain lots
provides that at her death the lots shall be disposed of in the same
manner and to the same persons specified in a certain preceding
paragraph of the will with reference to other property held by the
widow for life, but such preceding paragraph contains no disposi-
tion of any property so held by the widow, the lots will pass under
the residuary clause, directing the executors to convert the estate,
not specifically disposed of by the will, into money and make dis-
tribution thereof in a certain way.

APPEAL from the Circuit Court of Christian county;
the Hon. TRUMAN E. AMES, Judge, presiding;—also ap-
peal from the Circuit Court of Christian county; the Hon.
A. M. ROSE, Judge, presiding.

Albert G. Barnes died testate on the eighth day of Au-
gust, 1904, leaving him surviving Henrietta Barnes, his
widow, and Benjamin L. Barnes, Mary Henrietta Banks,
Clara Mae Adams and William Edwin Barnes, his sons and

daughters, and Florence Barnes, Ellen Barnes and Henrietta Barnes, the children of a deceased son, Albert T. Barnes, his sole heirs-at-law. By his will he provided (1) for the payment of his just debts; (2) he gave absolutely to his son Benjamin L. Barnes, in value, a large amount of real and personal property; (3) he gave absolutely to his son Albert T. Barnes, in value, a large amount of real and personal property; (4) he gave in trust, for life, to his daughter Mary Henrietta Banks, in value, a large amount of real and personal property, and provided upon the death of said daughter his trustees should convey and turn over to the child or children of said daughter, if she left a child or children her surviving, said real estate and personal property, and in case she died childless the said trustees were directed to convey and turn over the said real and personal property to his surviving children and grandchildren; (5) he made a similar provision, with like limitations, in favor of his daughter Clara Mae Adams; (6) he gave to his son William Edwin Barnes, in value, a large amount of real and personal property, which was to be held in trust for said son until he arrived at the age of thirty years, when the said real and personal property was to be conveyed and turned over absolutely to said son, provided if he died before he arrived at the age of thirty years, leaving a child or children him surviving, said property should go to his child or children, or if he died childless it should go to the testator's surviving sons and daughters or their children; (7 and 8) he made provision for his widow, Henrietta Barnes; (9) he provided that in case any of the lands devised to his children should be sold by him prior to his death, the devise should be made good to the children to whom said real estate had been given, by his executors, from the balance of his estate; (10) he provided his executors should convert into money all his estate not specifically devised and bequeathed, and from the proceeds pay the legacies and make the investments provided for by his will to be made

and to pay the expenses of administration, and "if any shall remain, I direct my executors to divide the said remainder equally among my children, Benjamin L. Barnes, Albert T. Barnes, and the trustees in trust for Mary Henrietta Banks, Clara Mae Adams and William Edwin Barnes, as hereinbefore provided. If either of them shall be then deceased, leaving then a child or children of their bodies, such child or children shall take the deceased parent's share of such remainder;" (11 and 12) he named his sons Benjamin L. and Albert T. his executors and trustees, and provided for the compensation which they should receive. Subsequent to the execution of his will Albert G. Barnes executed three codicils thereto, and Albert T. Barnes having died, he substituted D. W. Johnston as executor and trustee in his stead. The will and codicils were admitted to probate September 19, 1904, and Benjamin L. Barnes and D. W. Johnston qualified as executors, and acted as executors and trustees under the said will until June 28, 1906, when Benjamin L. Barnes died, since which time D. W. Johnston has acted as sole executor and trustee under said will. Benjamin L. Barnes died testate, leaving his widow, Gertrude Barnes, and a daughter, Lillian Barnes, him surviving. By his will he gave to his daughter, Lillian Barnes, his entire estate, subject to his widow's rights under the law.

Subsequent to the death of Benjamin L. Barnes, (a difference having arisen between the parties in interest and the executor and trustee as to whether the residuary estate of Albert G. Barnes, deceased, vested in the devisees named in said will, under paragraph 10 of the will, upon the death of Albert G. Barnes, or whether it did not vest in them until the period of distribution had arrived,) on April 30, 1907, D. W. Johnston, the heirs and devisees of Albert G. Barnes being parties thereto, filed a bill in equity in the circuit court of Christian county for the purpose of obtaining a construction of the tenth paragraph of the will of Albert G. Barnes, deceased, which paragraph has heretofore

been set out in part. The minor heirs and legatees were represented by a guardian *ad litem*, and the court, after hearing evidence, decreed that the portion of said estate which was disposed of by said paragraph 10 of said original will did not vest in the persons named in said will until the period of distribution under said will had arrived, and Gertrude Barnes, the widow of Benjamin L. Barnes, who was a party to said bill, and Mary Henrietta Banks, have prosecuted an appeal to this court.

Subsequent to the entry of the decree in said cause, and on the eighth day of July, 1907, Henrietta Barnes, widow of Albert G. Barnes, deceased, died, and a controversy having arisen between the executor and trustee and the parties in interest as to the meaning of paragraphs 7 and 8 of the original will of Albert G. Barnes, deceased, and paragraph 6 of the last codicil of said will, as to the disposition to be made of the property which had been held in trust for the benefit of the widow during her life, a second bill was filed by D. W. Johnston to obtain a construction of said paragraphs, to which all of said parties in interest were parties, the minors being represented by a guardian *ad litem*. The court held that the title to a portion of said real estate upon the death of said Henrietta Barnes vested in the children of the testator who survived her, absolutely, namely, Mary Henrietta Banks, Clara Mae Adams and William Edwin Barnes; that the balance of said real estate vested in D. W. Johnston, as trustee, for the benefit of the surviving children of said testator, namely, Mary Henrietta Banks, Clara Mae Adams and William Edwin Barnes; that three-fifths of the personal property vested in said trustee for the benefit of the children of the testator who survived his wife, namely, Mary Henrietta Banks, Clara Mae Adams and William Edwin Barnes, and that one-fifth of the personal property vested in the children of Albert T. Barnes and one-fifth in the child of Benjamin L. Barnes. From that decree Gertrude Barnes and Mary Henrietta Banks have each prose-

cuted an appeal to this court. The two appeals of Gertrude Barnes and Mary Henrietta Banks were consolidated in this court. Subsequent to the consolidation, William Edwin Barnes departed this life intestate, and his death having been suggested, Beulah Barnes, his widow, Lillian Edwina Barnes, his daughter and only heir-at-law, and J. N. Nelms, administrator of the estate of William Edwin Barnes, deceased, were substituted as appellees herein, and said Lillian Edwina Barnes being a minor, James H. Forester, Esq., was appointed guardian *ad litem* for her by this court. But one set of briefs having been filed in said consolidated case, the questions discussed in the briefs will be disposed of in one opinion.

HOGAN & WALLACE, for appellants.

JAMES C. MCBRIDE, (WILLIAM M. PROVINE, guardian *ad litem*,) for appellees.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The first contention of the appellants is, that the entire estate of Albert G. Barnes vested in his four living children and the children of Albert T. Barnes, deceased, upon his death, and that the holding of the trial court in the first case that the residuary estate, which was disposed of by paragraph 10 of the original will, did not vest in the devisees named in said will until the period of distribution had arrived, is erroneous. We think it clear, if the entire will, including the three codicils of Albert G. Barnes, deceased, be considered, that the holding of the chancellor in that case was correct. The testator, by the preceding paragraphs of his will and the codicils thereto, had made provision for his widow and his living children and the children of his deceased son, Albert T. Barnes, and by paragraph 10 of the will he directed his executors to convert the balance of his

estate not specifically disposed of by his will, into money, and after the payment of the legacies provided for to be paid by the will, and the making of certain investments directed to be made and the payment of the expenses of administering upon his estate, he directed if any estate should remain it should be equally divided between his children, and if either of said children should then be deceased, leaving him surviving a child or children of his body, such child or children should take the share of the deceased parent, otherwise the deceased child's share should go, under the terms of the will, to his surviving sons and daughters. The testator directed by said paragraph 10 of the original will that the estate remaining, if any, after the payment of the legacies, etc., should be divided among his four children and the children of Albert T. Barnes, and in case of the death of a child before the period of distribution had arrived, what then remained of that portion of his estate, if any, should be divided, the share of a deceased child to go to the child or children of his body, if he left a child or children him surviving.

In *People* v. *Jennings*, 44 Ill. 488, the testator provided his real estate should be sold by his executors as soon after his death as convenient, and the proceeds thereof, after the payment of his debts, funeral expenses, etc., should be equally divided among his four children, and in case of the · death of a child, the child or children of the deceased child should take the share of the parent. One of the children died before the land was converted into money, leaving a widow and child, and it was held that the deceased child took no vested interest in the parent's estate, and that the interest which it represented in its parent's estate, upon the sale of the land went to the children of the deceased child, and that the widow of the deceased child took no interest therein. This case was approved by this court in *Starr* v. *Willoughby*, 218 Ill. 485, and we think it is decisive of the question that the share of the estate represented by Benja-

min L. Barnes will vest in his daughter, Lillian Barnes, if she be living when the estate is distributed, freed from any claim therein of her mother, Gertrude Barnes. To the same effect are *Johnson* v. *Askey,* 190 Ill. 58, *Banta* v. *Boyd,* 118 id. 186, and *Ebey* v. *Adams,* 135 id. 80.

In the *Starr case* the will provided that as soon as practicable after the testator's decease all of the real estate not specifically devised should be sold, and the proceeds, after purchasing a home for the widow, divided among such children "as may be living at that time," and it was held the words quoted referred to the time of distribution and not to the time of the death of the testator, and that the children of the testator took no vested interest in that portion of the estate before the time of distribution which they could dispose of by will.

While the law favors the vesting of estates and will fix the time at which they vest at the time of the death of the testator rather than at the period of distribution, when, however, it appears from the entire will that it was not the intention of the testator that the remainder should vest at the time of his death but at the period of distribution, such intention will be carried out by the courts. (*Johnson* v. *Askey, supra.*) It is apparent, we think, that the residue of the estate of Albert G. Barnes, deceased, disposed of by paragraph 10 of his will, did not vest in his devisees until after the estate was converted by his executors into money and the period of distribution had arrived.

The testator, by paragraphs 7 and 8 of the original will and paragraph 6 of the last codicil to said will, directed his executors to hold for the benefit of his wife, during her life, and to pay to her during that time the income therefrom, the following personal property, namely: $10,000 in cash, $7000 in face value in bonds of the Springfield Coal Mining Company, and $2000 in face value in shares of the Sattley-Moline Manufacturing Company stock, and provided that upon the decease of his wife said personal property be

divided equally between and among his children, Benjamin
L. Barnes and Albert T. Barnes, and his trustees in trust
for Mary Henrietta Banks, Clara Mae Adams and Wil-
liam Edwin Barnes, the share of William Edwin Barnes to
be held by said trustees until he should attain the age of
thirty years, and upon the division of said personal prop-
erty his trustees be discharged from that portion of said
trust.    The court decreed that said personal property be
divided into five shares, one of said shares to be paid to
Lillian Barnes, the child of Benjamin L. Barnes, deceased,
or her guardian; one share to the three children of Albert T.
Barnes, deceased, or their guardians; and that three of said
shares be held by the trustees of Albert G. Barnes, deceased,
for the benefit of Mary Henrietta Banks, Clara Mae Ad-
ams and William Edwin Barnes, the said William Edwin
Barnes' share to be paid to him upon his arriving at the
age of thirty years.   In this we think the court decreed
correctly.   Paragraph 7 of the will in express terms pro-
vided that said money, upon the death of the testator's wife,
should be divided by his trustees equally among his chil-
dren; and if that provision of section 7 were held to apply
only to the $10,000 in cash held for the benefit of the wife
of the testator during her life, section 10 of the original will
would apply to the remainder of said property, and upon
the death of the wife of the testator said property should
be distributed under that paragraph of the will.   By para-
graph 7 of the will the testator set aside for the use of his
wife, during her natural life, all of block 2 in Barnes' ad-
dition to the city of Taylorville, (less 230 feet off of the
north end of said block,) including the water, gas, heating
fixtures, furnace, etc., and 29.43 feet off of the south side
of lot 1 and the north side of lot 2, block 20, in the city
of Taylorville, Illinois; also a one-half interest in the party
walls of the buildings on the north and south sides of the
building on said lot or parcel of ground, including the fur-
nace, gas fixtures and counters in said building; also lots 20,

21 and 22, in block 1, Barnes' addition to Taylorville, Illinois; and by paragraph 6 of the last codicil to said will certain property in the city of Sullivan, Illinois, known as the Walter Eden property. But the court held that all of said property, upon the death of the widow of said Albert G. Barnes, deceased, vested in fee in his three surviving children, namely, Mary Henrietta Banks, Clara Mae Adams and William Edwin Barnes, under paragraph 8 of the original will, except lots 20, 21 and 22, in block 1, in Barnes' addition to the city of Taylorville, Illinois, and the Walter Eden property, which lots in block 1 and the Walter Eden property, upon the death of the widow of Albert G. Barnes, deceased, the court held vested in D. W. Johnston, as surviving trustee, for the benefit of the three surviving children of Albert G. Barnes, deceased, namely, Mary Henrietta Banks, Clara Mae Adams and William Edwin Barnes. By the eighth paragraph of the will, upon the death of the testator's wife he gave and devised to his children who should survive her, in equal shares, all the real estate hereinbefore given to his wife for her life, "with power of sale or reversion, which she shall not have sold or conveyed prior to her decease," and the court, in construing said paragraph 8 of the will, seems to have disregarded the said last clause of said paragraph as surplusage, as no real estate was given to the widow for life with power of disposition as to the residue, which we think was justifiable.

We think it clear, therefore, that block 2 in Barnes' addition to the city of Taylorville, (less 230 feet off of the north end of said block,) including the water, gas, heating fixtures, furnace, etc., and 29.43 feet off of the south side of lot 1 and the north side of lot 2, block 20, in the city of Taylorville, Illinois; also one-half interest in the party walls of the buildings on the north and south sides of the building on the said lot or parcel of ground, including the furnace, gas fixtures and counters in the said building; also lots 20, 21 and 22, in block 1, in Barnes' addition

to Taylorville, Illinois, upon the death of the widow of Albert G. Barnes vested in fee in the children of the testator who survived her, namely, Mary Henrietta Banks, Clara Mae Adams and William Edwin Barnes, and that the court was in error so far as it held that title to lots 20, 21 and 22, in block 1, in Barnes' addition to Taylorville, Illinois, vested in D. W. Johnston, as trustee, for the benefit of Mary Henrietta Banks, Clara Mae Adams and William Edwin Barnes. Paragraph 6 of the last codicil, which gives to Henrietta Barnes, widow of Albert G. Barnes, the use of the Walter Eden property during her natural life, provides that said property, upon the death of Henrietta Barnes, shall be disposed of and descend in the same manner and with the same restrictions and limitations and to the same persons specified in said paragraph 7 of the original will as to the other property held by her during her life. From an examination of said paragraph 7 it appears that said paragraph contains no disposition of the property the use of which is given to Henrietta Barnes during her life. We are of the opinion, therefore, that the Walter Eden property passed to D. W. Johnston, as trustee, and should be disposed of by him under the provisions of section 10 of the original will.

The will of Albert G. Barnes, and the three codicils attached thereto, are very lengthy, and it has not been practicable to set out the same in full in this opinion. We are impressed, however, that the construction placed upon paragraphs 7, 8 and 10 of the original will and paragraph 6 of the last codicil attached thereto, by the circuit court, as evidenced by the two decrees which are now before us for review, effectuates the intention of the testator as expressed in his will and said codicils, with the exception that upon the death of Henrietta Barnes, the widow of Albert G. Barnes, deceased, the title to lots 20, 21 and 22, in block 1, of Barnes' addition to Taylorville, Illinois, vested, under paragraph 8 of the will, in Mary Henrietta Banks, Clara

Mae Adams and William Edwin Barnes in fee, and that the Walter Eden property passed to D. W. Johnston, as trustee, to be disposed of by him as a part of the residuary estate of said Albert G. Barnes, deceased, under the provisions of section 10 of the original will. In the two particulars pointed out the decree entered in the last case will be modified.

The decree of the circuit court in each of said causes, as modified, will therefore be affirmed. The appellants will pay five-sixths of the costs in this court, and the executor, as such, one-sixth.                    *Decrees affirmed.*