James McClintock *et al.* Defendants in Error, *vs.* Margaret H. Meehan *et al.* Plaintiffs in Error.

*Opinion filed April 20, 1916—Rehearing denied June 22, 1916.*

1. Wills—*a devise of a fee may be subsequently restricted to a life estate.* A devise of a fee may be restricted by subsequent words in a will and changed to an estate for life.

2. Same—*when devise to grandson does not give a fee simple.* A devise to the testator's grandson, "and at his death the title to said land shall vest in his sister," (naming her,) does not give the grandson a fee simple, notwithstanding a subsequent clause provides that the title to said land shall not vest in the grandson absolutely until he arrives at the age of twenty-one years but in the meantime shall vest in the executors and trustees, who shall lease the land and pay the income equally to the grandson and his sister until they are twenty-one years of age, and that when the grandson reaches that age he shall pay his sister $1000, which payment shall be a charge upon the land.

3. Same—*when devise of remainder gives base fee.* A devise of land to the testator's grandson, "and at his death the title to said land shall vest in his sister," (naming her,) if she shall then be living, and if the said grandson and his sister "shall both die leaving no children, then and in that case the title to said land shall vest in" another named grandson, gives to the sister a base or determinable fee, and at the death of her brother she will take the title to the land, subject to the executory devise over to the other named grandson if she dies leaving no children.

Farmer and Cooke, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

BROWNE & WILEY, and H. M. KELLY, for plaintiffs in error.

EDWARD J. KELLY, and ANDREW J. O'CONOR, for defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

John H. McClintock filed his bill in chancery in the circuit court of LaSalle county to construe the will of Thomas. Herbert, deceased, and to quiet title in himself to the land described in clause 3 of said will, hereinafter set out. A decree was rendered at the October term, 1913, of said court, finding, among other things, that said John H. McClintock was the owner in fee of the land mentioned in clause 3 of the will, and that the defendants to the bill, including Margaret Meehan (formerly Margaret H. McClintock and the sister of said John H. McClintock) and John Meehan, her husband, had no right, title or interest therein, and that they and other defendants to the bill be perpetually enjoined from asserting any right, title or interest in said land. It is further alleged in the bill, and the court found in its decree, that John H. McClintock paid the $1000 made a charge on the land of Margaret McClintock, after he became twenty-one years of age; that the father of John H. McClintock and Margaret McClintock was long since deceased; that Margaret McClintock (now Meehan) was married, was about thirty-six years of age, and at the time of the suit had six children living. Other parties were made defendants to the bill for the purpose of curing minor defects in the title, but they were defaulted and are not appearing in this court. Margaret Meehan and her husband have sued out this writ of error to reverse the decree.

The question presented by the assignments of error is the proper construction of the will of Thomas Herbert. The only clauses of the will which refer to the land in controversy and the interest therein of the parties to this suit are clauses 3 and 5, which are as follows:

"*Third*—To my grandson John H. McClintock, son of James McClintock and my daughter Mary, (now deceased,) I give and devise the following described premises, viz.: The southeast quarter of section 34, in township 32, north of range 5, east of the third principal meridian, in LaSalle county, Illinois, and at his death the title to said land shall vest in his sister, Margaret H. McClintock, if she·shall then be living, and if the said John H. and Margaret H. McClintock shall both die leaving no children, then and in that case the title to said land shall vest in my grandson Charles Herbert, son of Patrick Herbert."

"*Fifth*—The above devise to my grandson John H. McClintock is made upon the following conditions, viz.: The title to said land devised to the said John H. McClintock shall not vest absolutely in him until he arrives at the age of twenty-one years, but in the meantime the title to the said land shall vest in the executors and trustees hereinafter named, who shall lease said land and divide the proceeds arising therefrom equally between the said John H. and Margaret when they become of the age of twenty-one years or when they pass out of the control of their father and he releases all claim to their property or income; and the said John H. McClintock shall, when he arrives at age of twenty-one years, pay to his sister, the said Margaret H., the sum of $1000, and the payment of said sum is hereby made a charge upon the land herein devised to the said John H. McClintock."

The plaintiffs in error contend that John H. McClintock took only a life estate in the land mentioned in the third clause of the will; that it was the intention of the testator to devise to him a life estate in the land mentioned in

clause 3, with the remainder in fee to his sister, Margaret H. McClintock, (now Meehan,) if she survived him, and should now be decreed to be the owner of the land in fee simple. It is the contention of counsel for the defendants in error that the third clause of the will did not create a life estate in John H. McClintock but devised to him a fee, determinable upon the contingencies stated in said clause becoming impossible of performance, and that under said clause Margaret H. McClintock and Charles Herbert are executory devisees; also, that clause 5 gives full force and effect to clause 3, and specifies the time when the fee simple title to the land therein devised to John H. McClintock shall vest absolutely in him, to-wit, when he arrives at the age of twenty-one years.

It can hardly be said from the language employed by the testator in the will to express his intention, that he intended to devise a fee simple estate in the land to John H. McClintock. It is true that in the first part of clause 3 there is a straight devise to John H. McClintock. This is followed, however, by the words, "and at his death the title to said land shall vest in his sister, Margaret H. McClintock, if she shall then be living." This language cannot be rejected or disregarded in construing the will. The effect, then, of the words last above quoted is to limit the estate devised to John H. McClintock to a life estate; and we also think that was the clear intent of the testator as expressed in the language of the will. A devise of a fee may be restricted by subsequent words in a will and changed to an estate for life. (*Hill* v. *Gianelli,* 221 Ill. 286; *Bergan* v. *Cahill,* 55 id. 160; *Johnson* v. *Johnson,* 98 id. 564.) Fewer words and plain terms were all that was required to devise a fee simple estate in the land in question to John H. McClintock, and the effort made by the testator to limit his interest to a life estate in the lands is indicated conclusively by the provisions that at the death of the life tenant, John H. McClintock, the land should go to Margaret H.

McClintock if she were alive at the time of the death of John H. McClintock, and if both she and John H. McClintock should die leaving no children, then to Charles Herbert.

The bill alleges, and the decree finds, that Margaret McClintock (now Meehan) is living and has six children, and even if, as defendants in error allege, the devise to John H. McClintock was a base or determinable fee and the devise to Margaret was an executory devise, it is very clear that whatever estate is devised to John H. McClintock by the will, whether a life estate merely or a determinable fee, it cannot be a fee simple estate nor become a fee simple estate in him as long as his sister Margaret is living, for in such case there is always at least the possibility that he may die first and she survive him, and in such case the title to the land, by the terms of the third clause of the will, is to vest in her. The decree was clearly erroneous, in any event, in finding that John H. McClintock had a fee simple estate in the land while Margaret was living and there was a chance that she would survive him. If Margaret died before John, then on his death, if neither of them left children, the land would go to Charles Herbert. If Margaret died before John and either of them left children, then on the death of John, there being no disposition of the fee in such event, this land would go as reversionary estate to the heirs-at-law of the testator. If John died before Margaret, the latter would take a base or determinable fee in the land. If Margaret Meehan dies childless— which will not be known until she dies—the land goes to Charles Herbert. If she leaves children, the land will, unless conveyed by her in the meantime, descend to them. *Strain* v. *Sweeny,* 163 Ill. 603.

Nor do we think that the fifth clause of the will, taken in connection with the third clause, changes in any way the construction we have placed upon the third clause. The fifth clause does not enlarge the estate previously devised to· John H. McClintock. In the fifth clause the testator

provides that "the above *devise* to my grandson John H. McClintock is made upon the following conditions." The devise referred to is the devise mentioned in clause 3. The fifth clause further provides: "The title to said land devised to the said John H. McClintock shall not vest absolutely in him until he arrives at the age of twenty-one years." Counsel for defendants in error claim that this language, in connection with the rest of clause 5, shows the intention on the part of the testator to vest the fee simple title absolutely in John H. McClintock when he arrives at the age of twenty-one years and complies with the condition named therein,—that is, to pay Margaret $1000. The words "title to said land devised" could just as well have referred to the life estate, or whatever estate testator had previously devised by the third clause of the will, as to an estate in fee simple, and it is only by giving those words that meaning that full effect can be given to all the language of the will. The whole of clause 5, when read, discloses the clearly expressed intent of the testator that the executors and trustees named in the will should have control of the land during the minority of John, and that they were to lease the land and divide the proceeds equally between John and Margaret until John arrived at the age of twenty-one years, when he was to pay Margaret $1000 and was thereafter to have full possession and control of said land during the rest of his natural life.

It appears from the findings of the decree that the testator, at the time he made the will, was an old man, and that John H. McClintock and his sister, Margaret, the testator's grandchildren, were of about the ages of three and five years, respectively. The testator probably anticipated that he would not live long. He evidently wished to provide for both of the children during their minority. Clause 5 is mainly taken up with making such an arrangement. It is proper to look into the circumstances surrounding the testator and the relationship and condition of the parties at the

time the will was drawn. We do not think that clause 5 in any way tends to enlarge the estate in the land devised to John H. McClintock in clause 3 or to change the interest derived by clause 3 except in the particulars mentioned.

For the reasons given, the decree of the circuit court of LaSalle county will be reversed and the cause remanded to that court, with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded, with directions.*

FARMER and COOKE, JJ., dissenting.