## In re Estate of Louis Danne, Deceased.
## Adele Cooper et al., Appellants, v. Gertrude Kryger et al., Appellees.

### Gen. No. 31,851.

WILLS—*direction to keep estate intact as affecting vesting of legacy.* Under the residuary clause of a will giving a part of the residuary estate to a brother with the words "should my brother * * * pass on his share reverts to my estate," the interest of the brother is not prevented from vesting immediately at the testator's death, the brother being alive, by directions in the will that the estate shall be kept intact for three years and that the trustee or executor is to sell the real estate, where it does not clearly appear, upon a consideration of the entire will, that it was not the intention of the testator that the remainder interest of the brother should vest at the testator's death.

Appeal by plaintiffs from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1927. Affirmed. Opinion filed January 18, 1928.

ROBERT E. HOGAN, for Adele D. Cooper, appellant.

BARRIE BLUMENTHAL, for Louis Emil Danne and Reginald Danne, appellants.

SIDNEY N. WARE, for appellees.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

In the matter of the estate of Louis Danne, deceased, the probate court, on May 20, 1926, passing on the final account of the executors, entered an order, which, among other things, provided that certain funds in the hands of the executors should be distributed as follows: $18,588.91 to Adele D. Cooper, $5,004.20 to Gertrude Kryger and $5,004.21 to Julia Danne Curren. On appeal to the circuit court, the order of the probate court was affirmed. This appeal is from the judgment of the circuit court.

In re Estate of Danne, 247 Ill. App. 196.

The testator, Louis Danne, died on May 21, 1918, leaving a last will and testament. At the time of his death, he left him surviving as his only heirs at law and next of kin, Adele D. Cooper, his sister, and Emil Danne, his brother. In the fall of the year 1918, Emil Danne, the brother of the testator, died, leaving him surviving as his only heirs at law and next of kin, his son, Jay Danne, and his daughter, Gertrude Kryger. About three years after the death of Emil Danne, Jay Danne died, leaving him surviving as his only heir at law and next of kin, his widow, Julia Danne (now Julia Danne Curren).

The question that arose in the probate and the circuit court, and that arises here, is whether the distribution as provided in the final account of the executors is correct; and in order to determine that, it is necessary to interpret the meaning of the will, in so far as it pertains to the following residuary clause:

"The balance of my estate I desire to be divided between my brother Emile Danne, of Birmingham, Alabama, and my sister Adele Danne Cooper, seven twentieths to my brother and thirteen twentieths (13/20ths) to my sister. Should my brother Emil Danne pass on his share reverts to my estate and instead I bequeath to his son Louis Emile Danne two thousand dollars, and his brother Reginald Danne the sum of one thousand dollars, the difference going to my sister Mrs. Cooper."

The testator, Louis Danne, having died on May 21, 1918, and Emil Danne having died afterwards, on November 5, 1918, it is claimed by the appellants, Adele D. Cooper, Louis Emil Danne, and Reginald Danne, that, inasmuch as it is stated in the will, "I desire that my estate be kept 'in tact' for three years," no interest vested in Emil Danne, even though he died after the testator; in other words, that no interest in the estate vested until the expiration of the three-year period.

The will named one Luecker and Adele Danne Cooper (the testator's sister) executors, without bonds. It gave first, to his sister Adele Danne Cooper, certain personal property, and then one piece of personal property to the executor Luecker. It then stated as follows:

"I desire that my estate be kept in tact for three years after my demise and that my sister occupy my residence for that length of time or until sold, and if sold before the expiration of the three years, that my executors hire an apartment and pay $40.00 per month therefor during the three years; that my estate is to be kept in tact and also pay her $50.00 per month for table expense and hire of Albert L. Dixon, my servant, provided she desires to continue his employment. Also to pay my taxes, coal, gas, electric and telephone bills and repairs, if any."

It then made five specific bequests, the first being $250 for the upkeep of a cemetery lot; the second being $250 for the maintenance of a niece, and in making that bequest, it provided, "and in case of her demise, before the final execution of this Will, the same is to revert to my estate, but thereafter to her brother's children, John W. Danne, of Fairhope, Ala., to share and share alike. Adele Danne is partially blind, and wish that you send her to an asylum for the blind." The third is to Alberta O. Cooper the sum of $250; the fourth to a servant, Albert L. Dixon, the sum of $200 "if in my employ at the time of my death;" and the fifth to his niece Nellie E. Cassidy, the sum of $2,000, "but if she should die before the final execution of this will, then her bequest reverts to my estate." Then follow eleven bequests, chiefly in the nature of jewelry, to various persons; the last of which is "to Albert L. Dixon, my servant, if he is in my employ at the time of my death."

Following that is the direction, "Should any of the foregoing beneficiaries of jewelry die before the final

execution and distribution of my estate, I desire that my sister dispose of his share or gift as she sees fit.''

Then follows the residuary clause, as set forth above. There was attached to the will the following addendum:

''I omitted to say that if my residence is not sold at the time of the final distribution of my estate, that my executors put up the property at public auction and sell it to best advantage on terms agreeable to them.''

The inventory showed real estate of the value of $7500, being the house occupied by Adele Danne Cooper; and personal property of the value of $21,530.55, making a total of $29,030.55.

The final account and report of the executors shows receipts of $39,607.33 and disbursements of $12,508.90, leaving a balance of $27,087.32. We agree with the probate and the circuit court that Emil Danne, under the residuary clause in the will, had a vested interest at the time of his death, and that the appellees, as the only heirs at law and next of kin of Emil Danne, are entitled to that interest.

In *Scofield v. Olcott*, 120 Ill. 362, the court said:

''Viewed in the light of the definitions, here quoted, the interest of William Abbey was a vested one. The testator devised and bequeathed all his real and personal property (except that embraced in the second and fourth clauses) to his executors and trustees 'to have and to hold the same for the uses and purposes and upon the trusts,' mentioned in clauses 3, 5, 6 and 7.''

''A will takes effect at the death of the testator. At the death of George T. Abbey the legal title to all his property vested in the trustees for the uses and purposes above set forth. It so vested at that time for all such purposes and for one as much as another. As soon as the testator died, the trustees at once took title to the residue, named in clause 7, and at once

and thereafter held it in trust to be conveyed, assigned and delivered to William, when the proper time should come. It is true, that his enjoyment of it was to be postponed, until a future period. But their holding it in trust to be conveyed to him began immediately upon his father's death. * * * At his father's death there vested in him a present equitable right to have a conveyance from the trustees, when his mother's life estate should determine, subject to the payment of the legacies of $15,000; he then had 'a present fixed right,' although only an equitable one, of future enjoyment. This right vested, not in a person thereafter to be born, but in a person, definite and ascertained, and then in being. * * * If futurity is annexed to the *substance* of the gift, the vesting is suspended; but if it appears to relate to the time of payment only, the legacy vests instanter.''

In *Henderson v. Cadwalader,* 202 Ill. App. 351, the court said:

''Whenever the person who is to succeed to the estate in remainder is in being and is ascertained, and the event, which by express limitation will terminate the precedent estate, is certain to happen, the remainder is vested.''

In *Pearson v. Hanson,* 230 Ill. 610, the court said:

''The law favors the vesting of estates, and in cases of doubt the construction will be adopted which leads to that result. An estate is vested when there is an immediate right of present enjoyment or a present fixed right of future enjoyment. It carries with it the seizin in law or in equity, according to the character of the estate, and takes effect in interest and right immediately on the death of the testator, although it may not take effect in possession and enjoyment until the death of a life tenant or the termination of another particular estate.''

It is urged that the fact that the trustee, or the executor, was to sell the real estate, the legacy did

not vest until the real estate was sold, but as the court said in *Armstrong v. Barber,* 239 Ill. 389:

"While the rule is general that where there are no words importing a gift, other than to the executors or trustees to divide or pay at a future time, the legacy is contingent, still, if the payment is postponed for the convenience of the funds of the estate and not for the reasons personal to the legatees or devisee, it should be held vested."

In the instant case, it may be said that the estate for the three-year period, was given, in part, to Adele Danne Cooper, and that Emil Danne was a remainder-man, and that as he was in being at the time of the death of the testator, and the event for the termination of the estate was certain to take place, as it was fixed in terms of years, it follows that the remainder became vested in Emil Danne on the death of the testator. *Lynn v. Worthington,* 266 Ill. 414; *McComb v. Morford,* 283 Ill. 584.

As so frequently happens, there may be some doubt as to the exact meaning of the testator as he expressed himself in his will. There are a number of expressions that seem to suggest an intention to postpone the vesting of rights until a future time, that is, to some point of time after his death. He says, for example, "I desire that my estate be kept in tact for three years after my demise." He provides that his sister may keep his residence for that length of time, or until sold, but if sold before the expiration of three years, that then his executors shall take care of her; and that his executors shall provide an apartment for her. The will also provides for a bequest of $250 for the maintenance of a blind niece, and it says, "In case of her demise before the final execution of this Will, the same is to revert to my estate, but thereafter to her brother's children." There is, also, a bequest of $2,000 to another niece, with the provision, "but if she should die before the final execution of this will,

then her bequest reverts to my estate.'' Also, each of the eleven bequests of jewelry is subject to the following: ''Should any of the foregoing beneficiaries of jewelry die before the final execution and distribution of my estate, I desire that my sister dispose of his share or gift as she sees fit.'' However, in the so-called residuary clause, which is here chiefly to be considered, the testator merely says, after giving the balance of his estate to be divided between his brother and his sister, ''Should my brother, Emil Danne pass on, his share reverts to my estate, and instead I bequeath to his son,'' etc. Of course, his brother might die any time before the document becomes a will by the testator's death, or he might die the day after, or three years or more from the date thereof. The words, ''Should my brother Emil Danne pass on,'' are not expressly connected with any event, save the death of the testator and the coming into being of the will itself as an effective document. When the testator wrote the words, ''Should my brother Emil Danne pass on,'' necessarily he had reference to a future event, but which event, we think, was to transpire before his own death.

The will is inartistically drawn, and does contain, as set forth above, some expressions on the matter here in question, which are confusing. However, we feel quite convinced that the interpretation of the will, made by the probate and the circuit court, was justified. The cases cited by counsel for the defendant, do not, in our judgment, justify any other construction.

In *Johnson v. Askey,* 190 Ill. 58, the court said:

''While the law favors the vesting of remainders, and will fix the time at which they vest at the time of the death of the testator rather than at the period of distribution, where it clearly appears, from the entire will, that it was not the intention of the testator that the remainder should vest at the time of his death but

at the period of distribution, such intention will be carried out by the courts.''

Here, as we have intimated above, we are constrained to the conclusion that it does not clearly appear, upon consideration of the entire will, that it was not the intention of the testator that the remainder should vest at the time of his death. In two instances in the will, the expression is ''before the final execution of this will,'' and in the other, ''before the final execution and distribution of my estate,'' but in the one here in question, the words are simply ''should my brother Emil Danne pass on.'' In the latter instance, the point of time seems quite certain to be that of the beneficiary's death before that of the testator; in the other two instances, the point of time is before the execution of the will, whatever that may mean. Obviously, therefore, we think the only fair interpretation of the whole will is that the bequest to Emil Danne vested immediately upon the death of the testator.

For the foregoing reasons, the judgment is affirmed.

*Affirmed.*

HOLDOM and WILSON, JJ., concur.