(No. 18435.—)

MARY A. LIESMAN, Exrx. *et al.* Plaintiffs in Error, *vs.*
FLORENCE LIESMAN *et al.* Defendants in Error.

*Opinion filed June 23, 1928—Rehearing denied October 6, 1928.*

FRED I. EDGELL, PETER MURPHY, and CHARLES H. WOODS, for plaintiffs in error.

LYMAN S. MANGAS, guardian *ad litem,* for defendants in error.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

Brown Liesman, a resident of the city of Lincoln, in Logan county, died testate on November 29, 1925, leaving him surviving Mary A. Liesman, his widow, and nine children, his only heirs-at-law. His estate consisted of his residence in the city of Lincoln, 441 acres of land in Logan county, 640 acres of land in the State of Oklahoma, and securities valued at approximately $44,000. His will was admitted to record by the county court of Logan county. Mary A. Liesman, the widow, was appointed executrix of

the will and qualified as such. By the second, third and fourth sections of the will the testator disposed of all his property, and these sections are, respectively, as follows:

"*Second*—After the payment of such debts and funeral expenses, I give, devise and bequeath unto my beloved wife Mary Liesman, all such part or share of the estate I may die seized of, to which she is entitled under and by virtue of the now existing laws of the State of Illinois.

"*Third*—I give, devise and bequeath to my son Frank Liesman the sum of ($1000) one thousand dollars, to be paid to him out of my estate so soon after my decease as may be practicable and convenient; the said sum of one thousand dollars so bequeathed to my said son Frank Liesman to be in full of his share as one of the heirs to my estate, unless otherwise provided herein.

"*Fourth*—All the rest and residue of my estate, after the payment of the aforementioned expenses and bequests and debts, I give, devise and bequeath to the following of my children: Emma Liesman, Louisa Liesman, Grover Liesman, Daniel Liesman, Reynold Liesman, Maude Liesman, Anna Pearl Liesman, Edward Liesman, Harold Leroy Liesman, share and share alike, to be theirs in fee simple absolute and forever. Upon the death of any and either of my aforesaid children, the children of such deceased child, if any there be, shall take the share of the parent so deceased. And should any of my children die, leaving no issue, then the share of such deceased child shall be divided among all of my surviving children share and share alike."

Prior to the testator's death Maude Liesman, a daughter, one of the devisees and legatees mentioned in the fourth section of the will, died without a child or descendant of a child surviving her.

On May 27, 1926, Mary A. Liesman, the widow, renounced the will and in lieu of its provisions in her behalf elected to take her legal share of the estate. By a second instrument dated the same day she waived her right of

dower and elected to take one-third of each parcel of real estate in fee simple. The first instrument was filed in the office of the county clerk and the second in the office of the circuit clerk and *ex-officio* recorder of deeds of Logan county. Subsequently, Mary A. Liesman, individually and as executrix, filed a bill of complaint in the circuit court of Logan county against the surviving descendants of the testator for a construction of the will, declaring that each of his children, except Frank Liesman, became seized in fee simple, upon the testator's death, of an undivided one-eighth of his real estate, subject to the interests of the complainant, and that the residue of the personal property should be likewise distributed. Daniel Liesman, one of the adult defendants, filed an answer to the bill. Certain grandchildren of the testator, parties defendant, were minors, and a guardian *ad litem* interposed an answer to the bill in their behalf. Replications were filed to the answers. The bill was taken as confessed by the adult defendants who failed to answer. The cause was referred to a master in chancery, who, after taking evidence, reported his conclusions. Objections and exceptions to the report were overruled. The court in its decree found that by reason of the widow's renunciation of the testator's will and her election she became seized of an undivided one-third in fee simple of the real estate; that by the fourth section of the will the devisees and legatees named therein became entitled to life estates in the real estate in Illinois and in the personal property owned by the testator at the time of his death, with contingent remainders upon their respective deaths to their children, if any, who might survive them, or, if any child of the testator so named died without issue, to the then surviving children of the testator, including Frank Liesman, if living, in equal shares, all subject to the interest of Mary A. Liesman, the widow, under the law; that the testator in section 4 of his will meant to refer to the death of any of his children named, at any time, and intended the contingent remainders

to take effect in interest upon the respective deaths of his children named as life tenants, as well after as before his, the testator's, death, and that Maude Liesman, a daughter named in section 4, having predeceased the testator leaving no issue surviving, her share became vested in fee simple in equal shares in the other children of the testator, including Frank Liesman. The complainant and the adult defendants, the children of the testator, prosecute this writ of error to review the record.

Plaintiffs in error contend that all the testator's real estate in this State, and the residue of his personal property, except the share or portion given by law to the widow, were devised and bequeathed, at the testator's death, to the children named in the fourth section of the will, in equal shares, in fee simple and absolutely, and that the share of Maude Liesman, who died without issue, was likewise vested in the surviving children of the testator, including Frank Liesman.

The paramount rule in the construction of wills is to ascertain the intention of the testator and to give it effect if it is not prohibited by law. The purpose of construction is to give the will the meaning and interpretation which the testator intended it should have, and his intention will be carried out whenever it can be done without violating some established rule of law or public policy. (*McCormick* v. *Sanford,* 318 Ill. 544; *Wells* v. *Dalies,* 318 id. 301; *Brill* v. *Green,* 316 id. 583; *Bradsby* v. *Wallace,* 202 id. 239; *Perry* v. *Bowman,* 151 id. 25; *Crerar* v. *Williams,* 145 id. 625.) In interpreting wills the law authorizes the consideration of the whole will and the determination of the intention of the testator from a consideration of all the language used, in whatever portion of the will it may be found. (*Thomas* v. *Stoakes,* 328 Ill. 115; *Boys* v. *Boys,* 328 id. 47; *McClure* v. *McClure,* 319 id. 271; *Drager* v. *McIntosh,* 316 id. 460; *Baley* v. *Strahan,* 314 id. 213; *Himmel* v. *Himmel,* 294 id. 557.) A devise of a fee may be restricted by subsequent words in a will and changed to an estate for

life. *Drager* v. *McIntosh, supra; McClintock* v. *Meehan,* 273 Ill. 434; *Hill* v. *Gianelli,* 221 id. 286; *King* v. *King,* 215 id. 100; *Johnson* v. *Johnson,* 98 id. 564; *Bergan* v. *Cahill,* 55 id. 160; *Siegwald* v. *Siegwald,* 37 id. 430; 2 Page on Wills, (2d ed.) sec. 981; 2 Preston on Estates, pp. 86, 87.

The devise and bequest by the fourth section of the will to the nine named children of the testator, followed by the words "share and share alike, to be theirs in fee simple absolute and forever," if standing alone, are clear and unambiguous and sufficient to devise the real estate in fee simple and to bequeath the personal property absolutely. In the same section, however, and immediately following the quoted words, the testator directs that "upon the death of any and either of my aforesaid children, the children of such deceased child, if any there be, shall take the share of the parent so deceased. And should any of my children die, leaving no issue, then the share of such deceased child shall be divided among all of my surviving children share and share alike." The devise of a fee is inconsistent with the subsequent provision for a gift over, which reduces the devise to a life estate. Every clause and provision in a will, if possible, should be given effect according to the testator's intention, but where two clauses are so repugnant to each other that reconciliation is impossible, the later clause is considered as intended to modify or abrogate the earlier one. *Drager* v. *McIntosh, supra; Dickison* v. *Dickison,* 138 Ill. 541; *Hamlin* v. *United States Express Co.* 107 id. 443; *Murfitt* v. *Jessop,* 94 id. 158; *Rountree* v. *Talbot,* 89 id. 246; *Brownfield* v. *Wilson,* 78 id. 467; 1 Jarman on Wills, (Bigelow's 6th Am. ed.) p. 473; 1 Redfield on Wills, (4th ed.) 443.

It is a well established rule for the construction of wills, that when a devise is made to a person in fee and in case of his death to another in fee, the absurdity of treating as contingent or uncertain the one event which is sure to occur to all living persons requires an interpretation of the

devise over as referring only to death in the testator's lifetime, but when the death of the first taker is coupled with other circumstances which may or may not occur, as, for instance, death under age or without children, the devise over takes effect, unless controlled by other provisions of the will, according to the ordinary and literal meaning of the words, upon death, under the circumstances indicated, at any time, whether before or after the death of the testator. (*Drager* v. *McIntosh, supra; Carpenter* v. *Sangamon Loan and Trust Co.* 229 Ill. 486; *Ahlfield* v. *Curtis,* 229 id. 139; *Fifer* v. *Allen,* 228 id. 507; *Bradsby* v. *Wallace, supra; Smith* v. *Kimbell,* 153 Ill. 368; *Summers* v. *Smith,* 127 id. 645; *Britton* v. *Thornton,* 112 U. S. 526; *O'Mahoney* v. *Burdett,* L. R. 7 H. L. 388; 2 Jarman on Wills, (Bigelow's 6th Am. ed.) chap. 49; Kales on Estates and Future Interests,—2d ed.—sec. 165.) In *Fifer* v. *Allen, supra,* Mr. Justice Cartwright said: "The rule established in the case of *O'Mahoney* v. *Burdett* has since been followed in England, and it has been considered that there is a manifest distinction between a devise over, not in case of the death of the first devisee, which is inevitable, but upon the happening of a contingent event, such as the death of the first devisee without issue. In case of a devise *simpliciter* to one person and if he should die, to another, the courts of England and this country have construed the will upon the theory that the testator must have had some contingency in view, and inasmuch as the death of the first devisee is a certain and not a contingent event, the testator must have contemplated death within some particular period of time, and, to prevent a lapse and in favor of vested rather than contingent interests, they have considered the life of the testator to be that period. In the case of *Crane* v. *Cowell,* 2 Curtis, 178, the court, referring to the rule of construction just stated, said: 'But it is manifest that the whole basis of this reasoning fails if the will gives the property over, not simply if the legatee die, but if his death is

connected with some collateral event, such as dying without issue, which is contingent. In such case there is no necessity to seek for a contingency or for engrafting on the language of the testator a limit of time during which the event is to happen to render it contingent, for the testator has himself, in terms, announced an event which may or may not happen after his decease, as a contingency upon which the property is to go over.' " In accordance with this rule, the death of any of the testator's children mentioned in section 4 of the will must refer to death at any time, whether before or after that of the testator. If a child of the testator die without issue, a contingency which may or may not occur, there is a gift over. The testator, by the language used, exhausted all possible contingencies. The estate of each child of the testator terminates upon the death of the child and is therefore a life estate. *Drager* v. *McIntosh, supra; King* v. *King, supra; Johnson* v. *Askey,* 190 Ill. 58; *Thomas* v. *Miller,* 161 id. 60; *Furnish* v. *Rogers,* 154 id. 569; *Healy* v. *Eastlake,* 152 id. 424; *Johnson* v. *Johnson, supra.*

It is further contended by plaintiffs in error that the will gave the widow a right of dower in the real estate; that, had she not renounced the will, this life estate, until assigned, would have extended to and formed a part of all the real property, and, consequently, that the children named in the fourth section became vested with the remainder in fee. If the widow had abided by the will and taken the right of dower in her deceased husband's lands she would have had at his death merely a chose in action entitling her to have certain of those lands allotted to her. Until dower is assigned it is simply a consummate right to an estate. It only becomes an estate in lands when it has been assigned. (*Maring* v. *Meeker,* 263 Ill. 136; *Best* v. *Jenks,* 123 id. 447; *Reynolds* v. *McCurry,* 100 id. 356; Tiedeman on Real Prop.—2d ed.—sec. 115.) The assignment of dower to the widow necessarily would have been made in severalty.

Hence the devise to the widow did not constitute, nor did it purport to constitute, a prior life estate supporting remainders in fee to the children.

Plaintiffs in error contend that the devise and bequest of the residue of the estate, consisting of real and personal property, to the nine children of the testator named in the fourth section of the will, "share and share alike, to be theirs in fee simple absolute and forever," manifest an intention to bequeath the personal property absolutely and therefore to devise the real estate in fee. The fact that the testator disposed of real and personal property in the same sentence of his will is a circumstance indicating that he intended the residuary devisees and legatees to take the same estate in both kinds of property. (*Giles* v. *Anslow,* 128 Ill. 187; *Leiter* v. *Sheppard,* 85 id. 242.) This fact does not, however, give rise to a conclusive presumption. (*Webbe* v. *Webbe,* 234 Ill. 442.) In *Drager* v. *McIntosh, supra,* the testator devised and bequeathed "all the remainder of my property, real, personal and mixed, of every kind and description and wherever situated," to his seven children, "to have the same in fee simple absolute, in equal proportion, share and share alike." The provisions of the succeeding section of the will were so irreconcilable with the devise of the residue of the real estate in fee and of the personal property absolutely, that the residuary devisees and legatees took life estates, only, and not estates in fee. A consideration of the instant will, whole and entire, manifests an intention on the testator's part to make no distinction between real and personal property in the disposition of the residue of his estate, and that the children named in the fourth section took life estates only in that residue, irrespective of the kind or character of the property.

The testator, it is argued, must be presumed to have preferred his children to his grandchildren in the distribution of his estate, and hence that the children named in the fourth section of the will took estates in fee simple and not

life estates. Gifts of property to children for life with remainders in fee to grandchildren are not infrequent. On the death of the testator the devisees and legatees named in the fourth section became entitled to life estates in his land in Illinois and in the residue of his personal property, with contingent remainders upon their respective deaths to their surviving children, or, in default of issue, to their surviving brothers and sisters. The testator violated no rule of law or public policy in making such a disposition of his property, and his intention, therefore, must be given effect.

The decree of the circuit court is affirmed.

*Decree affirmed.*