LOUIS ROSS MILLER *et al.* Appellees, *vs.* J. MARCUS MILLER, Appellant.

*Opinion filed October 16, 1914.*

APPEALS AND ERRORS—*when no freehold is involved in a proceeding to construe will.* Where the testator devises his real estate to his executors in trust, with directions to sell the same and distribute the proceeds among the various beneficiaries in accordance with the provisions of the will, the gift to the beneficiaries is treated as one of money and not of land, and no freehold is involved in a proceeding to construe the will to determine the interests of the beneficiaries in the proceeds of the land in the hands of the executors.

APPEAL from the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding.

ELTING & HAINLINE, for appellant.

FLACK & LAWYER, VOSE & CREEL, and CHARLES H. BURTON, (T. J. SPARKS, guardian *ad litem*,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of McDonough county construing the will of John W. Miller, deceased. Said John W. Miller died testate October 6, 1908. He left surviving, his widow, Dilcy C. Miller, and Louis Ross Miller, William Price Miller, Mary E. Greenup, Jenarie M. Cassidy and J. Marcus Miller, his children and heirs-at-law. By the first clause of his will he directed the payment of his debts, and by the second and third clauses

made certain provisions for his widow. Only the fourth and sixth clauses are involved in this litigation. They are as follows:

"*Fourth*—I have already given to my son Louis Ross Miller the sum of $500, to Mary E. Greenup $700, to Jenarie M. Cassidy $700, to William Price Miller $500 and to J. Marcus Miller $1015.97, which said amounts were given to them as advancements and which said amounts shall be charged against them so that the said children may be equal before any division is made of any personal property or the proceeds of any real estate; and I direct that my executors, as soon after my decease as practicable, pay to said children a sufficient sum to make them equal, and that the balance of my estate be divided equally among my said five children, William Price Miller, Louis Ross Miller, James Marcus Miller, Mary Ellen Greenup and Jenarie M. Cassidy, the undivided one-fifth interest in and to the proceeds of my estate which remains after deducting the debts, funeral expenses, widow's bequest and the equalization above mentioned, to be paid to them as hereinafter provided, except that portion devised to my said son J. Marcus Miller, which said one-fifth interest so devised and bequeathed to my said son J. Marcus Miller shall be held by my executors, hereinafter named, during the lifetime of the said J. Marcus Miller, but in case he should become unable to support himself, then the said executors shall use such portion of his interest in said estate as shall be necessary for his support during said incapacity or sickness, and at his death said executors shall divide the remainder of the portion so belonging to my said son J. Marcus Miller equally among his children, as they become of lawful age.

"*Sixth*—I give, devise and bequeath to Dilcy C. Miller, William Price Miller, Louis Ross Miller and Albert Greenup, my executors hereinafter named and appointed, all my real and personal property and estate of whatsoever kind or nature, in trust for the execution of this will. I

give to them, or the survivor of them, full power and authority to dispose of same, at public or private sale, at such time and place and upon such terms and in such manner as to them shall seem proper. And I will and ordain that my executors hereinafter named shall allow and permit my said son William Price Miller to have the use of the farm that he is now farming, as long as his mother lives, if he desires to stay, on the same terms that he now rents the same, to-wit, one-half of everything raised on the farm and one-half interest in the stock and farming implements on the farm, my said executors to pay the taxes on the land and the said executors to pay one-half of the personal taxes and my said son the remaining one-half, and at the death of my said wife that said executors at once sell all of said property, either at public or private sale, as to them shall seem best for said estate. And I do hereby give full power and authority to my said executors, or the survivor, to grant, bargain, sell and convey all of said land above described, and that from the proceeds thereof said executors shall pay to my said children, to each, the undivided one-fifth part thereof at the time of said sale, to hold in fee simple forever, except the interest of the said J. Marcus Miller, which shall be held as above provided."

The widow, two of testator's sons, William Price Miller and Louis Ross Miller, and his son-in-law, Albert Greenup, were named as executors without bond, and in case any one or more of them refused to qualify or to act as executors, power and authority were given the remaining executor or executors to carry out the provisions of the will and make all necessary deeds of conveyance for that purpose. All four of the persons named as executors qualified, but subsequently the widow and William Price Miller and Albert Greenup resigned, and Louis Ross Miller has since continued to act as sole executor and trustee. All four of the persons named as executors and trustees in the will joined in the amended bill for its construction.

The bill alleges there has come into the hands of Louis Ross Miller, as trustee, from the sale of property under and by virtue of the provisions of the will, $9062.76; that J. Marcus Miller claims to own and be entitled to receive said sum as proceeds or part proceeds of the one-fifth of testator's estate which he claims he is entitled to under and by virtue of the will, and that if he is not entitled to said one-fifth absolutely he is entitled to the income therefrom during his life. The bill further alleges that J. Marcus Miller has eight living children, some of whom claim their father is not entitled to the principal sum in the hands of the trustee, or the income therefrom, except in case he is unable to support himself, and then only during his incapacity or sickness. The bill alleges J. Marcus Miller has threatened to sue for the one-fifth of his father's estate, and has filed papers in the county court of McDonough county asking that the income from the proceeds of one-fifth of the estate in the hands of the trustee be paid to him. The bill asks that the will be construed and the trustee directed what to do with the fund.

By answer and cross-bill filed by J. Marcus Miller he set up his claim to the fund in the hands of the trustee, as alleged in the bill of complaint. By answers and cross-bill filed by the children of J. Marcus Miller they denied his right to the fund, or the income from it, unless he should become unable to support himself, and then only as to such portion as was necessary to support him during his incapacity or sickness. The cross-bill of the children of J. Marcus Miller, in addition to asking for a construction of the will, alleged the trustees had sold certain property for less than its value and had indirectly purchased it themselves, and they prayed that the trustees be required to account for the value of the property thus sold. The cause was referred to a special master in chancery to hear the evidence and report the same to the chancellor, together with his conclusions thereon. The master reported that under

the will of John W. Miller his son J. Marcus Miller had no interest in the one-fifth portion of the estate claimed, or the interest therefrom, unless he was sick or incapacitated; that said fund should be held in trust, subject to be used to the extent necessary for that purpose, until the death of J. Marcus Miller, when it was to be divided among his children as they became of lawful age; that the trust created by the will was a valid trust. The master also recommended that certain sales made by the executors be set aside, and that they account for $1000 in addition to the amount reported received from the sale of the other property. J. Marcus Miller filed objections to the master's construction of the will. The objections were overruled by the master and were renewed as exceptions before the chancellor. The exceptions were overruled and a decree was entered in conformity with the report of the master. From that decree J. Marcus Miller has prosecuted this appeal.

We are of opinion no freehold is involved in the case and the appeal should have gone to the Appellate Court. It is not claimed there is any ambiguity in any devise made of the real estate. No real estate was devised to any of the distributees, but the devise was to the executors, to whom full power and authority were given to sell and convey the land and distribute the proceeds to the beneficiaries named, none of whom took any interest in the land owned by the testator. The power of the executors to sell and convey the land is not challenged, but the contest is over the distribution of the proceeds in the hands of the executors and trustees. From *Baker* v. *Copenbarger*, 15 Ill. 103, to the present time it has been held that where real estate is directed by a will to be converted into money and the proceeds distributed among devisees it will be treated as a devise of money and not of land and the devisees take no title to the land.

The cause is ordered transferred to the Appellate Court for the Third District.                    *Cause transferred.*