(No. 14273.—Cause transferred.)

M. J. WOLFORD, Exr. *vs.* THOMAS HARVEY YOUNG, SR. *et al.* Appellees.—(J. FRANK GEDDES, Appellant.)

*Opinion filed December 22, 1921.*

WILLS—*when freehold is not involved.* Where a will directs that all of the testator's real estate be sold by the executor and distributed as provided in the will the gift is of personal property and not of real estate, and no freehold is involved in a proceeding to construe the will to determine the interest of the beneficiaries.

APPEAL from the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding.

JONES & LEVIN, and ACTON & ACTON, for appellant.

RALPH B. HOLMES, and CHARLES TROUP, for appellees.

WALTER C. LINDLEY, for M. J. Wolford, Executor.

BUELL H. SNYDER, guardian *ad litem,* for Illetta Preble.

Mr. JUSTICE DUNN delivered the opinion of the court:

On January 29, 1887, James H. Barkley and his wife executed their separate wills. Each gave to the other the use, for life, of the property of the testator or testatrix, with the right to sell and convey and use the proceeds at will. Each named the other as executor or executrix, and all other provisions of the wills were identical. In each the remainder after the life estate was divided into eight parts, of which two were given to the children of Bernard Preble, a deceased brother of Mrs. Barkley, one to each of the three living sisters of Barkley, and three to the children of three deceased sisters of Barkley, to be distributed among them *per capita.* On March 23, 1915, the testator and testatrix executed codicils, which were identical except that each was named as executor or executrix of the other's will, and by the eighth paragraph it was declared that the provisions contained in the first seven paragraphs of the codicil should be canceled and become null and void if the surviving spouse should qualify as executor or executrix of the will, and that in such case the surviving spouse should take the entire estate of the testator or testatrix and make provision for the legatees from the estate of the testator or testatrix, or what should remain therefrom at the time of the death of the survivor. Barkley died one month after the execution of these codicils, and his wife qualified as executrix of his will and continued such executrix until August 14, 1917, when Milton J. Wolford was appointed her successor, as provided in the codicils. On June 13, 1920, she died, and Wolford was appointed and qualified as executor of her will.

The question involved in this litigation had its origin in an application of Wolford to the probate court of Vermilion county for an order of distribution of $200,000, which, as executor of both wills, he had in his hands but because of inconsistent claims of those interested in the estate he

could not safely pay out except under an order of court.
Upon a hearing of this application the court made an or-
der for the distribution of one-sixteenth of the estate to
J. Frank Geddes, and certain of the parties appealed to the
circuit court. Thereupon the executor filed a bill in the
circuit court asking for a construction of the will of James
H. Barkley. These two causes were consolidated and upon
a hearing a decree was rendered construing the will, and,
among other things, directing that the executor should dis-
tribute the funds that came into his hands to the persons
named in the decree in the proportions named, and deny-
ing to Geddes the one-sixteenth of the testator's estate,
which he claimed by virtue of the provisions of the sev-
enth paragraph of the codicil. Geddes appealed from this
decree.

Counsel for Geddes state in their brief that the one
question in this case is as to whether or not the devise of
the one-sixteenth interest to Geddes in the seventh para-
graph of the codicil became extinguished or was destroyed
by the eighth paragraph of the codicil.

The appeal should have been taken to the Appellate
Court. This court has no jurisdiction of it. The tenth par-
agraph of the codicil directed that all of the testator's real
estate be sold and the money divided as directed in his will.
This was a gift of personal property and not of real estate.
(*Baker* v. *Copenbarger,* 15 Ill. 103; *Lash* v. *Lash,* 209 id.
595; *Bennett* v. *Bennett,* 282 id. 266; *Jansen* v. *Godair,*
292 id. 364.) No freehold is involved in a proceeding to
construe a will to determine the interest of the beneficiaries
in the proceeds of land to be sold by an executor. *Nevitt*
v. *Woodburn,* 175 Ill. 376; *Miller* v. *Miller,* 264 id. 633.

Since no freehold is involved and no other ground ap-
pears authorizing an appeal direct to this court, the cause
will be transferred to the Appellate Court for the Third
District.                                   *Cause transferred.*