(No. 20630.—
HELEN M. AHRENS, Appellee, *vs.* ALBERT E. AHRENS *et al.* Appellants.

*Opinion filed October 23, 1931.*

SNELL & SEYFRIT, (WALTER L. WENGER, of counsel,) for appellants.

VICTOR HEMPHILL, for appellee.

Mr. COMMISSIONER EDMUNDS reported this opinion:

Helen M. Ahrens filed a bill in the circuit court of Macoupin county to construe the will of her grandfather, John M. Ahrens. The executors of the will and the heirs and devisees thereunder, together with Margery Ahrens An-

heiser, were made defendants and filed answer. The cause was submitted to the chancellor on the pleadings. The equities were found to be with the complainant and a decree was entered accordingly. From this decree the defendants prayed an appeal to this court, acting, apparently, on the theory that a freehold is involved.

The will in question was admitted to probate after John's death, May 22, 1904. By the first clause John directed that his debts be paid, and by the second he left all his personal property, except money on hand, notes and bonds, to his wife, Elisa Ahrens. Further provisions were as follows:

"III. All property, not given to my wife, shall go into the hands of the executors, and as soon as they have money, they shall give to my wife, Elisa, the sum of six hundred dollars, which money with the other property given to my wife, in article II, shall constitute her dowry.

"IV. All moneys received by the executors as interest on bonds and notes, and rent from real estate shall be given to my wife, Elisa, during her life.

"V. After the decease of my wife, Elisa, all the real estate shall be sold by the executors, either on public or private sale as they think best, and the proceeds thereof with the personal property on hand, shall be equally divided between John C. Ahrens, Peter F. Ahrens, Albert E. Ahrens, Mary E. Allen *nee* Ahrens, Emma M. Daniels *nee* Ahrens, Ada L. Ahrens, Sophie C. Fahnestock *nee* Ahrens, Walter L. Ahrens, Carrie B. Ahrens and Lester E. Golightly or their heirs, each of the above named shall have the same amount. Provided: That the shares coming to my daughters, Mary E. Allen *nee* Ahrens, and Emma M. Daniels *nee* Ahrens, shall be held in trust by a trustee, during their natural life, and the income of said shares shall be paid to them annually by the trustee. If either of my daughters, Mary E. Allen *nee* Ahrens and Emma M. Daniels *nee* Ahrens, shall die without issue, then her share shall be equally divided among my heirs above named, but if she

leaves a child or children, then said share shall go to them, but shall be held in trust by the same trustee, until they become of age. If either of my daughters, Mary E. Allen *nee* Ahrens and Emma M. Daniels *nee* Ahrens shall become a widow, then the trustee may pay them their share immediately. I appoint my son, Albert E. Ahrens, to be trustee for Mary E. Allen *nee* Ahrens and Emma M. Daniels *nee* Ahrens, and he shall serve without bond, and provided further, that the share coming to Lester E. Golightly shall be held in trust by a trustee until he becomes twenty-four years old, and if he shall die before that time without issue, then said share shall be equally divided among my other heirs, but if he leaves a child or children, then said share shall go to the children; but shall be held in trust by the same trustee until they become of age, and I hereby appoint my son, John C. Ahrens, trustee for said Lester E. Golightly and he shall serve without bond."

Walter L. Ahrens, son of John and named in the fifth clause of John's will, died July 14, 1909, leaving a will, which was admitted to probate in Cook county on October 22, 1929. By it he left one dollar to Helen M. Ahrens, complainant in the present suit, and the remainder of his estate to Margery Ahrens, one of the defendants herein. Complainant is Walter's daughter by his first marriage. Walter was subsequently divorced by complainant's mother. Margery was his second wife. Elisa Ahrens, wife of John, died April 21, 1928. Complainant now claims a share in John's estate under the fifth clause of John's will, basing her claim upon the fact that she is a daughter and heir of Walter. Margery makes claim to the same share by reason of being named legatee and devisee under the will of Walter. The issue presented is whether complainant or Margery is entitled to said share.

It is clear that no freehold is here involved. No real estate was devised to any of the distributees. The devise was to the executors, who were directed to sell the real

estate after the death of the testator's wife and divide the proceeds among the beneficiaries named. Under the well settled rule in this State this is an equitable conversion of the realty into personalty. The cause must be transferred to the Appellate Court for the Third District. *Miller* v. *Miller,* 264 Ill. 633; *Mills* v. *Sawyer,* 302 id. 509.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Cause transferred.*