JAMES EARL FOUNTAIN, Appellant, *vs.* RISDEN E. FOUN-
TAIN *et al.* Appellees.

*Opinion filed December 15, 1939.*

THOMAS W. HOOPES, for appellant.

BELLATTI, SAMUELL & ARNOLD, for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is a direct appeal from the circuit court of Morgan county, wherein it is contended that that court erroneously construed a certain trust deed made by James H. Fountain, now deceased, in his lifetime, to the Elliott State Bank, and a certain last will and testament executed by the same grantor giving and devising all his estate to the same bank and, in general, intended to supplement the prior trust deed.

The estate of the settlor in the trust deed, and testator in the will, consisted of both real and personal property. Sub-section (h) of section 2, of the trust deed provides as follows: "Upon the death of the said party of the first part, or prior thereto, if the said party of the first part shall so direct in writing, [the trustee] to sell all the real estate belonging to the said trust estate, except lots one (1) two (2) and three (3) in French's Second Addition to Chapin, at either public or private sale, and for such price, and upon such terms and conditions as the said trustee may

think best, and to execute such deed or deeds as may be necessary to effectuate such sale or sales, and if such sale be made during the lifetime of the said party of the first part, to invest and keep invested all money derived from such sale in such securities as the trustee may think proper, as hereinbefore provided."

Sub-section (j) of the same section of the trust deed provides as follows: "Upon the date when said James Earl Fountain attains the age of sixty years, or upon the date when he would have attained the age of sixty years if living, then said trustee shall convert into cash all of the property of every kind and nature then belonging to the said trust estate, and shall divide the net proceeds," etc.

The will of deceased gives and devises all of his property to the same trustee and expressly provides for the conveyance of the lots in Chapin which are excepted from sub-section (h) of section 2 of the trust deed, and this will also gives a direction to the bank for the sale and conveyance of any and all real estate which may pass under it and for the disposal of the proceeds.

This appeal should have been taken to the Appellate Court. (*Wolford* v. *Young,* 300 Ill. 320.) No one questions the validity either of the trust deed or of the will, and the ultimate gifts therein provided for are bequests of personal property. (*Wolford* v. *Young, supra; Baker* v. *Copenbarger,* 15 Ill. 103; *Lash* v. *Lash,* 209 id. 595; *Bennett* v. *Bennett,* 282 id. 266; *Jansen* v. *Godair,* 292 id. 364.) No freehold is involved in a proceeding to construe a will where the question for decision is merely a declaration of the interest of beneficiaries in the proceeds of land to be converted into money. *Nevitt* v. *Woodburn,* 175 Ill. 376; *Miller* v. *Miller,* 264 id. 633.

The cause will be transferred to the Appellate Court for the Third District.