(No. 25940.-

J. Ward Hopwood, Appellant, *vs.* Sheridon Green *et al.* Appellees.

*Opinion filed December 16, 1940.*

C. H. JENKINS, and HAROLD M. OLSEN, for appellant.

THOS P. REEP, for appellees.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Appellant filed a complaint in the circuit court of Menard. county to enjoin defendants from removing certain structures, claimed to be permanent fixtures, located on real estate owned by the plaintiff. The appellees were purchasers at an execution sale under a judgment against the lessee who had placed the structures on the premises. Upon a full hearing, the circuit court held in favor of the defendants and entered an order giving them thirty days in which to remove the property. This appeal followed.

The evidence shows the plaintiff is the owner of a tract of land containing a deposit of limestone. In September, 1938, he entered into an agreement in writing with S. D. Gibson under which the latter had a right to quarry limestone from the premises for ten years. Gibson agreed to install all necessary machinery upon the premises, pay so much per ton royalty for the rock removed, with a guaranty of at least $2000 per year. Under this agreement the lessee installed the necessary machinery, erected a scale house, installed a set of scales and erected two bins for crushed rock, and put up a building for a lunch room.

Gibson executed a chattel mortgage upon all of the property placed upon the premises to secure a note for

$7000. In October, 1939, the lessee abandoned the operation of the plant, judgment was obtained by appellees against the lessee, and a writ of attachment in aid was levied on November 7, 1939. From that date until the sale, the appellant acted as custodian of the property for the sheriff. The execution sale took place on January 6, 1940, and the property, including bins, scales, scale house and equipment was sold to appellees. Plaintiff sued for an injunction against the purchasers to restrain them from disturbing, carrying away, or entering upon, or trespassing upon the ground of plaintiff.

The question to be decided in this case is whether the equipment of the lessee placed upon the premises of appellant was personal property, which the lessee had the right to remove from the premises of the landlord. This involves the application of the Landlord and Tenant act, (Ill. Rev. Stat. 1939, chap. 80, par. 34,) which provides: "Subject to the right of the landlord to distrain for rent a tenant shall have the right to remove from the demised premises all removable fixtures erected thereon by him during the term of his lease, or of any renewal thereof, or of any successive leasing of the premises while he remains in possession in his character as tenant." The question whether fixtures become a part of the real estate is one of intention between the owner of the land and the party placing the structures upon the land. (*Nat. Bank of Republic* v. *Wells-Jackson Corp.* 358 Ill. 356.) The scale house, scales, bins and other property can only be considered a part of the real estate upon the contingency of a construction of the lease and the attendant circumstances favorable to appellant.

We have uniformly held to give the Supreme Court jurisdiction of a direct appeal a freehold must be directly and not collaterally involved, and that the necessary result of the litigation must be that one party wins and the other party loses a freehold estate, or title must be so put in issue

that the outcome of the case requires a decision as to the ownership of the real estate in question. *Kagy* v. *Luke,* 357 Ill. 512.

In *Van Tassell* v. *Wakefield,* 214 Ill. 205, the question was whether a house built upon the property of another should be removed or paid for under the provisions of the Ejectment act. (Ill. Rev. Stat. 1939, chap. 45, par. 53.) The court held a freehold was not involved because the statute did not apply in all cases, but only where the occupant entered peaceably upon the land, having a clear connected title of his own, and made improvements before receiving notice of the title of his adversary.

There is no freehold involved requisite to give this court jurisdiction, and the case is, therefore, transferred to the Appellate Court for the Third District.

*Cause transferred.*