(No. 27256.—▮▮▮▮▮▮▮▮)
FRANK MUNYON *et al.*, Appellants, *vs.* ARTHUR ROY WILSON *et al.*, Appellees.

*Opinion filed November 16, 1943.*

E. P. HARNEY, for appellants.

JOHN H. BECKERS, C. M. GRANGER, and VAUGHAN, TILLEY & HUMPHREY, (FRANKLIN E. VAUGHAN, of counsel,) for appellees.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the plaintiffs from a decree of the circuit court of Kankakee county. The suit was brought by appellants for the purpose of removing certain alleged clouds on their title to the real estate described in the complaint.

From the record it appears that appellants claimed to be the owners of a tract of land located in Kankakee

county, consisting of slightly more than 950 acres. They acquired title as grantees in a quitclaim deed from the holder of a tax deed to the property. The tax deed was issued to the grantor of appellants on May 29, 1933. In the complaint it was alleged that the plaintiffs acquired color of title by a quitclaim deed, executed by the holder of said tax deed; that they immediately went into possession of said real estate, under the quitclaim deed, and continued in possession thereof, and paid all the taxes thereon for a period of seven years. Upon these facts they alleged that they were the owners of limitation title to said real estate, based upon that deed, as color of title, followed by possession and the payment of taxes, for the period of seven years, under section 6 of the Limitations Act. Ill. Rev. Stat. 1943, chap. 83, par. 6.

They further alleged in the complaint that at the time said tax deed was issued, which is the genesis of their title, there were certain outstanding trust deeds of record against said real estate. It was alleged that the limitation title acquired by them took precedence over the trust deeds and that their title was not subject to the liens of the trust deeds. Answers were filed by the trustees named in two of the trust deeds, and a separate answer by the holders of some of the notes, secured by one of the trust deeds. Issues were joined upon the complaint, the answers and plaintiffs' replies to such answers.

Upon a hearing, the court, by its decree, cancelled and removed all of the alleged clouds on the title of the plaintiffs, except a trust deed held by Chicago Title and Trust Company, as trustee, purporting to secure an indebtedness of $45,000, also a trust deed held by City Trust & Savings Bank, as trustee, purporting to secure an indebtedness of $150,000. The court held that the liens of these two trust deeds on the property were not affected by the title acquired by plaintiffs, and that such title was subject to

the liens. From that decree appellants perfected this appeal.

It is clear from the above statement of the facts shown by the pleadings, that this court has no jurisdiction of this direct appeal. Title to the real estate is in nowise involved. The case does not involve a freehold. In short, the only issue made by the pleadings was whether plaintiffs' title was subject to the liens of the trust deeds. If appellants had been granted all the relief they asked and all they were entitled to, under the complaint, they could only have obtained a decree holding that the liens of the trust deeds were ineffective as against their title to the premises, and that such title was free and clear of the liens. The defendants were given all the relief which they asked. The decree held that the liens of the two trust deeds were unaffected by the tax sale and that appellants' title was subject to the liens.

The rule is well settled that a freehold is involved only in cases where either the necessary result of the judgment is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue, by the pleadings, that the determination of the case necessarily involves a decision with respect to the ownership of the real estate in question. *Williams* v. *Williams,* 381 Ill. 507; *United Electric Coal Companies* v. *Keefer Coal Co.* 338 Ill. 288; *Lederer* v. *Rosenston,* 329 Ill. 89; *Burroughs* v. *Kotz,* 226 Ill. 40.

In this case the title to the real estate was in nowise involved. The only question before the court was whether the title to the property acquired by appellants, by the quitclaim deed made to them, followed by seven years' possession and payment of taxes, was subject to the liens of the trust deeds, which were outstanding and of record at the time the tax deed and the quitclaim deed relied upon as color of title were issued. This did not, in any sense,

involve title to a freehold. Neither party stood to either gain or lose a freehold, except by the subsequent enforcement of the mortgage liens. This was wholly insufficient to bring into the litigation the issue of the ownership of the freehold.

The cause is transferred to the Appellate Court for the Second District.                                *Cause transferred.*