(No. 30812.—

GRACE W. ROBINSON, Appellant, *vs.* ALFRED A. SMITH, Exr., *et al.,* Appellees.

*Opinion filed November 18, 1948.*

WILLIAM F. SMITH, of Clinton, for appellant.

HERRICK & RUDASILL, of Clinton, for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

John W. Robinson departed this life testate on December 15, 1943, leaving a large amount of real estate and personal property, but he left no widow, no child or de-

scendants thereof. He left, among other heirs, his brother, Harvey W. Robinson, who died testate December 21, 1944, in Louisiana where he resided, leaving no child or descendants thereof but leaving as his sole heir his widow, the appellant, Grace W. Robinson.

The will and codicils of John W. Robinson were probated and are quite lengthy. Grace W. Robinson filed a suit in the circuit court of De Witt County, asking for a construction of the said will and codicils finding that the share due her deceased husband should be paid to her or to the executor of his will. The complaint alleges that appellant and twelve heirs of John W. Robinson are the only persons interested and entitled to take under his will and codicils, appellant being entitled to take the share of her deceased husband, Harvey W. Robinson. The complaint prays judgment "that said will and codicils of the said John W. Robinson, deceased, be construed to the end that Emma Liddle [and others] and plaintiff, Grace W. Robinson, be decreed to be entitled to a 1/13 distributive share each in the personal estate of the said John W. Robinson, deceased, and of a 1/13 interest each in the proceeds derived from the sale of the real estate of the estate of the said John W. Robinson, deceased, * * *." Then follows a general prayer for relief.

The ninth and tenth clauses of the will were the principal ones in question. The lower court granted the relief prayed for under the ninth clause of the will but construed the tenth clause contrary to appellant's contention and prayer. No appeal was taken from the order entered in favor of appellant under the ninth clause, but she has appealed from the order denying her prayer and contention relative to said tenth clause.

The tenth clause of the will seems to devise all of the testator's real estate to a trustee subject to the terms, provisions and conditions of the will. The trustee is directed to hold all of said real estate for a period of not less than

ten years next after the first day of March immediately following the death of the testator and for a period of not exceeding fifteen years next after the first day of March immediately following the testator's death. He is directed to sell the real estate within the time limited and to distribute the proceeds thereof to certain persons who "are severally living at the time fixed for such distribution," etc. A paragraph in this tenth clause says: "I wish it definitely understood, however, that none of my sisters or brothers, nephews or nieces, or issue thereof, shall have any vested interest in any distribution made under the terms of this clause of my will until the time of such distribution, and the beneficiaries to take under any such distribution shall be determined as of the date such distribution is required to be made."

An answer filed denies that appellant is entitled to any share in the personal estate of John W. Robinson or in the distribution of the money to be derived from the sale of the real estate or the rentals therefrom.

Appellant's position is that by the will a discretion is left in the trustee to determine and fix the time for sale and distribution, which is contrary to law, and that such provision being void the time for the vesting of the interests of legatees therein should be determined or fixed as of the date of testator's death. Under such construction of the will appellant's husband, Harvey W. Robinson, who survived the testator by a little more than one year, would have had a vested interest in the proceeds of the real estate at testator's death, which proceeds would pass to appellant as the only heir of Harvey W. Robinson.

Appellant did not ask the lower court to hold that any portion of the John W. Robinson estate passed as intestate property but requested a holding to the effect that the time for vesting of the interests in the proceeds of the estate was at the date of testator's death rather than at the subsequent date for distribution.

In arguing that a provision giving a trustee discretion in fixing the time for distribution is void, appellant says: "If such a provision is void and illegal, the bequest or devise vests immediately in the legatee or devisee upon the death of the testator, and consequently Harvey Robinson had a vested interest in all of the assets of the estate of John W. Robinson immediately upon the death of the said John W. Robinson, and the personal representative of the estate of Harvey Robinson is entitled to his share of this estate." And, again, in argument, she says "All of the assets of the estate of said John W. Robinson were personal property, so far as the executor and beneficiaries are concerned. The beneficiaries had an interest in the sale of the real estate, and not in the title to the real estate concerned."

The lower court held that Harvey W. Robinson at the time of his death had no vested interest in the real estate in question nor in the proceeds of the sale of said lands or the rents therefrom, and that neither his estate, nor his heirs, devisees or legatees had any interest in the proceeds of the sale of said lands or the rents therefrom.

It will be seen from the foregoing that no claim of a freehold was made in the lower court, nor is there a freehold here involved. The dispute is concerning personal property.

A freehold is not involved in a proceeding to construe a will where the question for decision is merely a declaration of the interest of beneficiaries in the proceeds of land to be converted into money, where no one questions the validity of the will and where the ultimate gifts therein provided for are bequests of personal property. *Fountain v. Fountain,* 372 Ill. 466; *Ahrens v. Ahrens,* 345 Ill. 269; *Miller v. Miller,* 264 Ill. 633.

To give the Supreme Court jurisdiction of a direct appeal, a freehold must be directly involved and the necessary result of the litigation must be that one party wins

and the other loses a freehold estate, or the title must be so put in issue that the outcome of the case requires a decision as to the ownership of the real estate in question. *Munyon* v. *Wilson,* 384 Ill. 350; *Hopwood* v. *Green,* 375 Ill. 167; *Wylie* v. *O'Connor,* 363 Ill. 615.

There being nothing in this case which would confer jurisdiction upon the Supreme Court it will be transferred to the Appellate Court for the Third District. We express no opinion on the merits of the case.

*Cause transferred.*