Grace W. Robinson, Appellant, v. Alfred A. Smith, Executor of Will and Codicils of John W. Robinson, Deceased et al., Appellees.

Gen. No. 9,655.

Opinion filed May 26, 1949. Released for publication June 21, 1949.

WILLIAM F. SMITH, of Clinton, for appellant.

HERRICK & RUDASILL, of Clinton, for appellees; WIRT HERRICK and A. J. RUDASILL, both of Clinton, of counsel.

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

This proceeding was filed in the circuit court of DeWitt county to construe the will of John W. Robinson, deceased.

On appeal to the Supreme Court, the cause was transferred to this court on the ground that a freehold was not involved. (*Robinson v. Smith*, 401 Ill. 475.)

John W. Robinson, a resident of DeWitt county, Illinois, died testate on December 15, 1943, leaving a large amount of real and personal property. One of his heirs was his brother, Harvey W. Robinson, who died on December 21, 1944, a resident of the State of Louisiana, leaving the plaintiff appellant, Grace W. Robinson, as his widow, who, under the laws of the State of Louisiana, is his sole heir-at-law.

The plaintiff has appealed from an order of the trial court denying her prayer and contention to the effect that the share given to Harvey W. Robinson un-

der the tenth clause of the will of John W. Robinson should be deemed vested and should be paid to plaintiff or the executor of the will of Harvey W. Robinson, deceased. Since the will and codicils of John W. Robinson are quite lengthy, we will quote or state only such parts thereof as we consider material and necessary to a proper decision of this case.

"TENTH: . . . It is my will . . . that none of my real estate shall be sold during the period of ten years next after the first day of March following my decease, but shall be sold at such time as my executor or trustee shall deem advisable after the expiration of ten years next after March 1st following my decease and before the expiration of fifteen years next after March 1st following my decease.

I therefore give, devise and bequeath to my friend, George W. Kincaid of Farmer City, Illinois, as trustee in trust, and to his successor or successors in trust, all of the real estate which I may own . . . subject however, to the trust terms, provisions and conditions following, that is to say:

"(A) My said trustee shall take, receive and hold all of said real estate for a period of not less than ten years next after the first day of March immediately following my decease, and for a period not exceeding fifteen years next after the first day of March immediately following my decease. At such time during the five year period next following the period of ten years next after the first day of March following my decease my said trustee shall sell all of my real estate at either public or private sale, . . . on such terms and conditions as may in the judgment and discretion of my said trustee appear to be for the best interests of my estate and the beneficiaries entitled to the proceeds thereof. . . .

"(B) Pending the sale of my real estate or any part thereof my said trustee shall rent out said real estate . . . using his own discretion, however, in the selec-

tion of tenants, and in the terms of such leases, . . . which leases however, shall not extend in the first instance for more than ten years next after March first following my decease, and thereafter such real estate shall be leased from year to year until the same is sold. . . .

"(E) My said trustee shall on or about March first every two years . . . make a report of his acts and doings . . . to the Circuit Court of DeWitt County, Illinois, . . . and shall likewise annually on or about March first make a distribution to the beneficiaries entitled thereto, of the net proceeds of the income from my real estate after the payment of all taxes, . . . and expenses . . . , and upon the sale of any of my real estate a like distribution of the proceeds of such sale shall be made by my said trustee among the parties entitled to the same, . . . the final distribution to be made within a period of sixty days after the first day of March following the sale of the last tract of my real estate, which shall be not later than sixty days next after March first following the expiration of fifteen years next after March first following my decease. . . .

"(G) The net rents from my real estate, and the proceeds of the sale of my real estate, as the same may be sold from time to time, as hereinabove provided, shall be paid out and divided by my said trustee as follows: . . .

"To those of my relatives or beneficiaries hereinafter named or described provided they are severally living at the time fixed for such distribution, otherwise to terminate as to such deceased relative or beneficiary hereunder except as hereinafter provided, each to take an equal per capita share thereof as follows:

"(A) My brothers and sisters who may survive me;

"(B) . . .

"(C) . . .

"(D) The lawful issue or descendants of any deceased nephew or niece of mine, . . . provided

that if any nephew or niece of mine should die before the period fixed for such distribution leaving no issue or descendants surviving, the share of such deceased nephew or niece of mine shall thereby cease and lapse and likewise in the event of the death of any of my sisters or brothers prior to the time fixed for such distribution, his or her said legacy shall thereby terminate and lapse, but the consequent lapsing of such legacy to any of my sisters or brothers by reason of their death prior to the time fixed for such distribution, shall not affect the right of their children or descendants to take per capita as my nephews or nieces. . . . .

"I wish it definitely understood however, that none of my sisters or brothers, nephews or nieces, or issue thereof, shall have any vested interest in any distribution made under the terms of this clause of my will until the time of such distribution, and the beneficiaries to take under any such distribution shall be determined as of the date such distribution is required to be made.

"The distributive share of any beneficiary under this will shall in no case be subject to any assignment or transfer thereof, and shall not be subject to any legal process, and may not be pledged or hypothecated or anticipated by any beneficiary prior to the actual receipt of the same from my said trustee. . . ."

Such will named and appointed George M. Kincaid as executor.

The codicil dated October 11, 1940, excepted certain real estate from the operation of the above quoted tenth clause. The disposition ordered by the trial court in regard to that realty is not here contested.

A codicil dated October 2, 1943, provided for the appointment of a different executor and trustee with the same powers as given by the original will.

The contention of the appellant is that on the death of the testator John W. Robinson the appellant's husband, Harvey W. Robinson, by virtue of the will of John W. Robinson, acquired and thereafter held until his death a one-eleventh interest in all of the assets of

the estate of John W. Robinson, deceased, "for the reason that the provision in a will which allows an executor to fix the time of distribution is void."

The Illinois cases principally relied on by appellant are *McCartney v. Osburn,* 118 Ill. 403, and *Wimbush v. Wimbush,* 253 Ill. 407.

In the *McCartney* case the court said at page 421 of the opinion: "In this connection, it is proper to remark, that where a will, as in this case, contemplates distribution at a period subsequent to the death of the testator, the time must be fixed by the will itself. It cannot be left open, to be determined by the executors, as whim or caprice may suggest. A will, therefore, should not be so construed as to confer such a power on the executors." Counsel for appellee say that such language was *obiter dicta* as in such case the court found that the testator did fix the time for distribution, and it was not necessary for the court to make such quoted statement. Be that as it may, we do not believe the will we are here construing violated such quoted statement of law for, in our opinion, such will did reasonably fix the time for distribution, and did not leave such time to be determined as whim or caprice might suggest.

In the *Wimbush* case the sole issue was whether the language used in the will devised the real estate of the testator to the widow individually or as trustee, and such case is not in point on the facts. In citing such case appellant merely referred to the following language, "When the will contemplates a distribution subsequent to the death of the testator the time must be fixed by the will itself. It cannot be left open, to be determined by the executor or trustee," which was used in a dissenting opinion by Justice CARTER.

In *Walker v. Walker,* 283 Ill. 11, the testator's will gave and devised all of his property, real and personal, to trustees to keep together for five years from the testator's death, at the end of which time, after making

certain payments, the trustees were directed to esti-mate the value of and divide the estate into six equal portions and pay one-half of one of such portions to the testator's son, John H. Walker, ''if he be living at that time, and if he be dead, then to pay the same to his child or the children surviving at the time of my death.'' The will then provided that the balance of the estate should be held by the trustees until the end of ten years from the death of testator, at the end of which time the trustees were directed to deliver one-sixth of the remainder to John H. Walker, if then liv-ing, and if not living, to his heirs. In an opinion by Justice Carter the Supreme Court said: ''Having in mind the various rules of construction urged by dif-ferent counsel, we reach the opinion from a study of the will in the light of surrounding circumstances, that the testator intended to give a contingent, equitable inter-est to John H. Walker, conditioned upon his being alive at the expiration of said respective five and ten-year periods. The legal estate until that time was in the trustees or the survivor of them, who were di-rected, under the will, to make certain disposition of the income. While the legal title vested in the trustees at the death of the testator, the equitable title did not vest in the various beneficiaries until the expiration of the five or ten-year period, respectively. This being so, the decree of the circuit court holding that these interests were contingent and not vested was correct, and the judgment of the Appellate Court upon that point should be affirmed.''

In *Barnes v. Johnston,* 233 Ill. 620, the testator died in 1904. His will, after making certain bequests, pro-vided that the executors should convert into money all of the testator's estate not specifically devised and be-queathed, and from the proceeds pay the legacies and make the investments provided for and pay the ex-penses of administration, and ''if any shall remain, I direct my executors to divide the said remainder

equally among my children, Benjamin L. Barnes, Albert T. Barnes, and the trustees in trust for Mary Henrietta Banks, Clara Mae Adams and William Edwin Barnes, as hereinbefore provided. If either of them shall be then deceased, leaving then a child or children of their bodies, such child or children shall take the deceased parent's share of such remainder.'' The court held that these interests in the remainder were contingent until distributed. In so doing the court said: ''While the law favors the vesting of estates and will fix the time at which they vest at the time of the death of the testator rather than at the period of distribution, when, however, it appears from the entire will that it was not the intention of the testator that the remainder should vest at the time of his death but at the period of distribution, such intention will be carried out by the courts.'' For similar holdings of our Supreme Court see *Starr v. Willoughby,* 218 Ill. 485; *Ebey v. Adams,* 135 Ill. 80; *Banta v. Boyd,* 118 Ill. 186; *People v. Jennings,* 44 Ill. 488.

When it appears from the entire will that it was not the intention of the testator that the remainder should vest at the time of the testator's death, but at the period of distribution, such intention will be carried out by the courts. (*Barnes v. Johnston,* 233 Ill. 620, 626.) Technical rules will not be permitted to defeat such intention. The most important rule in the exposition of wills, to which all other rules must bend, is that the intention of the testator expressed in his will should prevail, provided it be consistent with the settled rules of law. All rules of construction yield to the intention of the testator plainly expressed. (*Walker v. Walker,* 283 Ill. 11.) In the instant case the testator by clear, emphatic and apt language, indicated and stated that none of his sisters, brothers, nephews or nieces, or the issue thereof, should have any vested interest in his estate until the time of dis-

tribution, which, in any event, was not to be before the expiration of the ten-year period.

Considering the entire will, the status of the testator, the many relatives and others that he made provision for, and the extent of his property, it is our opinion that Harvey W. Robinson at the time of his death did not have a vested interest in that part of the estate of John W. Robinson, deceased, which is involved in this appeal.

The judgment of the circuit court is therefore affirmed. ·

*Affirmed.*